UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL ALEXANDER,

    Plaintiff,

v.

CALIFORNIA DEPT. OF MOTOR VEHICLES, et al.,

    Defendants.

Case No. 19-cv-03996-TSH

**SCREENING ORDER RE: FIRST AMENDED COMPLAINT**

Re: Dkt. No. 8

## I. INTRODUCTION

After Plaintiff Michael Alexander filed a Complaint and an Application to Proceed In Forma Pauperis, the Court granted the application but found his complaint failed to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e) and therefore directed him to file an amended complaint. This screening order addresses Alexander's First Amended Complaint.

## II. BACKGROUND

On July 11, 2019, Alexander filed his original complaint, naming at least 29 defendants and listing 11 causes of action. Compl., ECF No. 1. He appeared to allege a conspiracy among the California Department of Motor Vehicles, the San Mateo County Superior Court, San Mateo County District Attorney's Office, the City of Pacifica, and the Pacifica Police Department to discriminate against him based on a physical disability by suspending his driver's license and taking him into custody for driving on a suspended driver's license. *Id.* ¶¶ 6-131. Although he listed 11 causes of action, he referred to various federal and state statutes and provisions of the United States Constitution throughout his complaint without tying them to any cause of action. *Id.* ¶¶ 132-222.

On July 16, 2019, the Court issued a screening order advising Alexander that dismissal would be appropriate because he failed to state a claim upon which relief can be granted. Order, ECF No. 6. Specifically, the Court found Alexander's complaint did not comply with Federal Rule of Civil Procedure 8 because he did not set forth a short and plain statement of his claims showing entitlement to relief. *Id.* at 3. Although he listed 11 causes of action, he referred generally to "Defendants" throughout and did not clearly connect any of the facts alleged in the complaint to any of the named individual defendants. *Id.* The Court also noted that he named at least 29 defendants but referred to numerous other entities and individuals throughout and appeared to bring his allegations against them as well. *Id.* Alexander also named entities that were likely entitled to immunity as to certain claims, including the "California State Government" and the "San Mateo County Superior Court" and its employees. *Id.* at 4-5. Finally, the Court noted that many of Alexander's allegations stemmed from events that occurred in 2013, which could pose a problem for him in terms of his claims being time-barred by the statute of limitations. *Id.* at 5-6. The Court directed Alexander to file an amended complaint that addressed these issues.

Alexander filed his amended complaint on August 19, 2019. First Am. Compl., ECF No. 8. He now names two groups of defendants: (1) California Department of Motor Vehicles ("DMV") and K. Cox, D.S.M. 1, a Driver's Safety employee for the DMV; and (2) "San Mateo County Superior Court en banc, et al" ("Superior Court"), including "the Clerk of the Court, Court Reporters, and all other such agents, attendants, servants, or employees that State Court defendant exercises direct control over whether by statutory law, local rule, or otherwise," and Ron Mortenson, the ADA Coordinator for San Mateo County Superior Court. *Id.* ¶¶ 7-12.

Alexander alleges he is a disabled individual within the meaning of 42 U.S.C. § 12182(b)(1)(A)(iv). *Id.* ¶ 6. His allegations relate to his suspended driver's license in 2013, a 2018 traffic stop by Pacifica police and subsequent court case, and his request for a citizen's arrest of the entities and individuals involved.

**A.    Suspended Driver's License**

On January 9, 2013, Alexander went to the local DVM office located in Clovis, California to renew his vehicle registration, but was informed that his driver's license had been suspended.

*Id.* ¶ 9. When he visited the Driver's Safety Division and inquired as to the reason for his license suspension, the clerk "stated they received a complaint but was vague and refused to provide any details." *Id.* ¶ 10. Alexander alleges he requested an administrative hearing on three separate occasions in writing but K. Cox "refused on his own behalf and/or on the behalf of the DMV." *Id.* ¶ 11. Rather than respond to his request for a hearing, Alexander alleges K. Cox "sent via U.S. Mail four different forms over a three week period of time, DS 2326 titled 'Driver Medical Evaluation. The documents were not signed by anyone. Each of the four Driver Medical Evaluation Forms was the same but the 'reasons or basis' for the inquiry changed each time." *Id.* ¶ 12. Alexander further alleges that each form demanded access to his medical records, to which he objected. *Id.* ¶ 13. In response, "Defendants K. Cox and DMV retaliated against plaintiff because he has opposed said acts and practices and alleged that said acts were unlawful because plaintiff had made a complaint, testified, assisted and participated in an investigation, sought related administrative proceedings, and requested a hearing." *Id.* ¶ 14.

Alexander states he does not know the basis for the suspension as he "has not had a DUI, drug, medical, major injury accidents, or other driving related event warranting such action." *Id.* ¶ 20. He filed three letters with the DMV, dated January 10, 2013 through February 5, 2013, informing the DMV that it would be held liable for "such illegal action." *Id.* ¶ 15. K. Cox acknowledged receipt of the three letters, but no action has taken place as a result. *Id.* ¶ 18. Alexander states he did not receive the suspension order until K. Cox mailed it to him on February 13, 2013, but that order required him to act by December 23, 2011. *Id.* ¶ 20. Although he requested all information relating to his suspension, "DMV has refused all requests and provided no disclosure as to the basis for their post-suspension action." *Id.* ¶ 21.

**B.  Traffic Stop and Subsequent Superior Court Case**

The next allegations in Alexander's complaint begin on July 11, 2018. On that date, he "was stopped by Pacifica who asked plaintiff if he knew his license was suspended." *Id.* ¶ 44. When Alexander responded it was "good" and not "legally suspended," the police officer checked his computer and told him that his driver's license was suspended because of "disability." *Id.* When he asked the officer "what about plaintiff's disability," the officer replied, "it does not

3

specify, . . . 'it just says disability.'" *Id.* ¶ 45. Alexander alleges this "establishes that K. Cox and DMV have targeted plaintiff and labeled him and that target label is plaintiff's 'disability.'" *Id.* The officer issued a "Notice to Appear" citation "and threatened tow [sic] plaintiff's vehicle and take additional property because of the actions of K. Cox and DMV giving rise to new and separate causes of action." *Id.*

Alexander next alleges he "has made numerous requests for reasonable accommodations under the ADA with Ron Mortenson the San Mateo County Court ADA Coordinator." *Id.* ¶ 18. However, he does not provide any background information as to his requests or how they relate to the other allegations in his complaint. The Court notes that Alexander's amended complaint contains two sets of paragraph numbers that overlap, with the first set (numbered ¶¶ 1-61) on pages 1-16 and the second (numbered ¶¶ 18-160) on pages 16-41. As his allegations regarding Ron Mortenson begin at ¶ 18 in the second set, it is possible that some background information was omitted. The Court also notes that Alexander later alleges Judge Nancy L. Fineman "made comments to the affect [sic] that plaintiff was not capable of acting as counsel" and a public defender should be appointed and that he "has been subjected to 13 different judges, and 7 different deputy district attorney's [sic], on a single-count misdemeanor vehicle code violation." *Id.* ¶¶ 29, 37. Thus, it appears that Alexander's second set of allegations refer to a criminal case at the Superior Court related to his 2018 citation for driving with a suspended license.

Alexander states he "emailed Ron Mortenson at 10:50 am on dated [sic] December 12, 2018, and made many requests for reasonable accommodations and explained the general issues and nature of his disability" and sent a follow up email that afternoon at 2:46 p.m. *Id.* ¶¶ 20-21. However, "Ron Mortenson has not responded to any these questions, defined any of the process' [sic] to be used, and acted in a discriminatory manner on behalf of defendant State Court who hammers plaintiff for the constant inconsistencies." *Id.* ¶ 22. As the Superior Court has two locations, Alexander also requested that his appearances be at a specific branch because it is closer and he "does not physically function well early in the morning." *Id.* ¶ 24. He alleges Ron Mortenson moved his court appearance to the further location over his objection. *Id.* ¶ 26. Alexander contends "the State Court is trying to remove plaintiff as counsel in propria persona and

deny him access to a public accommodation, goods, services, and due process on the basis of his disability and used such to carry out that function." *Id.* ¶ 27. He alleges Ron Mortenson and the Superior Court have caused him "physical pain and suffering with lasting nerve damage in his feet as a direct result of their refusal to schedule proceedings in SSF and at a time that accommodate [sic] plaintiff's disability." *Id.* ¶ 32.

Next, Alexander alleges he subpoenaed the DMV, but it refused to comply. *Id.* ¶¶ 43-44. When he moved for a contempt citation to compel DMV to comply, "the court clerk said the 'Judge' rejected it." *Id.* ¶ 44. Alexander then attempted to file "a written pleading form contempt citation using all the elements from the civil contempt judicial council form," but "it was denied by State Court based on a review of the defective computer system whereas the court clerk no longer keep [sic] paper court files, every document is scanned into a computer file, so they claim." *Id.* When he reviewed the "computer court file record," he discovered these documents did not exist. *Id.* ¶ 45. Alexander alleges the state court proceedings constitute a malicious prosecution and that the multiple delays he has faced are "intentional, controlled by State Court defendant, and designed and calculated to deny this disabled plaintiff access to goods, i.e. transcripts, and to services, state court appellate division court writ proceedings by withholding said transcripts to which he is qualified to obtain and been previously approved to have." *Id.* ¶¶ 45-49.

## C. Criminal Allegations

Finally, Alexander "believes there are acts criminal acts [sic] associated with the defendants listed herein and other non-defendants." *Id.* ¶ 62. He "seeks to place these individuals under 'citizen's arrest' as provided for in Cal Penal Code § 837 for such crimes." *Id.*

## D. Causes of Action

Alexander brings nine causes of action: (1) violations of Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973; (2) retaliation in violation of Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973; (3) violation of the Americans with Disabilities Act of 1990 and California Disabled Persons Act, Cal. Civ. Code §§ 54 & 54.1; (4) violations of the Americans with Disabilities Act, 42 U.S.C. § 12182, et seq. and 42 U.S.C. § 1983; (5) violations of Cal. Civ. Code §§ 54 & 54.1; (6) violation

of the Unruh Act, Cal. Civ. Code § 51.7; (7) violation of the Bane Act, Cal. Civ. Code § 52.1; (8) violations of 42 U.S.C. § 1983; and (9) intentional infliction of emotional distress. *Id.* ¶¶ 74-160.

### III. LEGAL STANDARD

If the Court authorizes the start of a civil action in forma pauperis, it must also screen and dismiss the complaint if it is frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To make this determination, courts assess whether there is a factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984) (quotation marks omitted). Pro se pleadings are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Moreover, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

### IV. DISCUSSION

#### A. Driver's License Suspension

Alexander alleges that "Cox and DMV's actions constitute interference, coercion, and intimidation in violation of 42 U.S. Code § 12203 whereas defendants sought to unlawfully coerce, intimidate, threaten, and interfere with plaintiff's right to due process and equal protection for the exercising and enjoyment of rights granted and protected by this chapter." First Am. Compl. ¶ 23. He further alleges "DMV has refused to provide any hearing violating plaintiff's rights under the 4th, 5th, 6th, and 14th Amendments" and "is denying plaintiff a post-suspension due process administrative hearing and has placed the plaintiff in abeyance. Such denial amounts to a life-time suspension and forecloses further due process by 'Departmental Review' itself and review via Administrative Mandamus in the state superior court." *Id.* He maintains that "K. Cox and DMV have refused to provide reasonable accommodations for the handicapped plaintiff to

of the Unruh Act, Cal. Civ. Code § 51.7; (7) violation of the Bane Act, Cal. Civ. Code § 52.1; (8) violations of 42 U.S.C. § 1983; and (9) intentional infliction of emotional distress. *Id.* ¶¶ 74-160.

### III. LEGAL STANDARD

If the Court authorizes the start of a civil action in forma pauperis, it must also screen and dismiss the complaint if it is frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To make this determination, courts assess whether there is a factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984) (quotation marks omitted). Pro se pleadings are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Moreover, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

### IV. DISCUSSION

#### A. Driver's License Suspension

Alexander alleges that "Cox and DMV's actions constitute interference, coercion, and intimidation in violation of 42 U.S. Code § 12203 whereas defendants sought to unlawfully coerce, intimidate, threaten, and interfere with plaintiff's right to due process and equal protection for the exercising and enjoyment of rights granted and protected by this chapter." First Am. Compl. ¶ 23. He further alleges "DMV has refused to provide any hearing violating plaintiff's rights under the 4th, 5th, 6th, and 14th Amendments" and "is denying plaintiff a post-suspension due process administrative hearing and has placed the plaintiff in abeyance. Such denial amounts to a life-time suspension and forecloses further due process by 'Departmental Review' itself and review via Administrative Mandamus in the state superior court." *Id.* He maintains that "K. Cox and DMV have refused to provide reasonable accommodations for the handicapped plaintiff to

United States District Court
Northern District of California

receive the full benefits of the administrative hearing process" and discriminated against him by suspending his license "without post-suspension due process" based on his disability. *Id.* ¶¶ 75-77.

The Court previously warned Alexander that his claims related to events that occurred in 2013 are likely time-barred. Order at 5-6. Specifically, the statutes of limitation for each of Alexander's claims are as follows:

- ADA: Three years. *Sharkey v. O'Neal*, 778 F.3d 767, 771 (9th Cir. 2015).
- Rehabilitation Act: Two or three years. *Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 823 n.11 (9th Cir. 2001) (stating that the statute of limitations for a Rehabilitation Act claim is borrowed from the applicable state's statute of limitations for personal injury); Cal. Civ. Proc. Code § 335.1 (two year statute of limitations for personal injury); *but see Sharkey*, 778 F.3d at 772 (suggesting that three-year statute of limitations may apply to Rehabilitation Act claims in California).
- 42 U.S.C. § 1983: Two years. *Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1026 (9th Cir. 2007) ("It is well-established that claims brought under § 1983 borrow the forum state's statute of limitations for personal injury claims, and in California, that limitations period is two years.") (citations omitted).
- California Disabled Persons Act: Two years. *Patton v. Hanassab*, 2015 WL 589460, at *7 n.7 (S.D. Cal. Feb. 12, 2015); *Beauchamp v. City of Long Beach*, 2011 WL 10978002, at *3 (C.D. Cal. May 3, 2011).
- Unruh Act: Two years. *Nevarez v. Forty Niners Football Co., LLC*, 326 F.R.D. 562, 574 (N.D. Cal. 2018).
- Bane Act: Two or three years depending on the underlying violation of rights. *Wilson v. City of Oakland*, 2012 WL 669527, at *3 n.6 (N.D. Cal. Feb. 29, 2012) ("For liability arising out of common law neglect or personal injury, a two-year statute of limitations applies, but for statutory actions, a three-year limitation

7

applies.").

- Intentional Infliction of Emotional Distress: Two years. Cal. Civ. Proc. Code § 335.1.

Alexander initiated this action on July 11, 2019, yet the latest allegation relating to his driver's license suspension occurred on February 13, 2013. Thus, even taking Alexander's allegations as true and assuming he could state a plausible claim, the Court finds it would be time-barred.

In his amended complaint, Alexander attempts to plead around the statutes of limitation by invoking the continuing violations doctrine, alleging it "permits this plaintiff to recover for wrongdoing transpiring outside of the limitations period, which is saved from the limitations bar because of its connection to more recent misconduct taking place on July 11, 2018." First Am. Compl. ¶ 41. He maintains that "[t]he statute of limitations will start to run upon the entirety of this accumulated malfeasance only when the defendant K. Cos and DMV's misbehavior draws to a close by providing the plaintiff with the due process administrative hear [sic] to which he is entitled." *Id.* ¶ 42. However, Alexander's complaint consists of discrete acts: his driver's license suspension in 2013 and the traffic stop and subsequent court case in 2018. Discrete acts are not actionable if time-barred, even if related to acts alleged in a timely filed claim. *RK Ventures, Inc.*, 307 F.3d 1045, 1061 (2002); *see also Eng. v. Cty. of Los Angeles*, 737 F. Supp. 2d 1078, 1098 (C.D. Cal. 2010) ("Under federal law, a retaliatory act is considered a discrete act that occurs at a particular time, and the fact that some acts fall within the statutory time period does not make timely acts that fall outside the time period"). Thus, even if the 2013 and 2018 allegations are related, because "the statute of limitations runs separately from each discrete act," Alexander cannot invoke liability for acts allegedly taken outside the limitations period. *RK Ventures*, 307 F.3d at 1061; *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) ("Discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges."). As such, the Court would recommend that Alexander's claims related to his suspended driver's license be dismissed without leave to amend.

**B.     2018 Traffic Stop and Superior Court Proceedings**

As to Alexander's remaining allegations, several issues must be addressed if he wishes to

proceed.

1. **Rule 8**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that the complaint set forth a "short and plain statement of the claim showing the pleader is entitled to relief." Rule 8(d)(1) requires that each allegation in a pleading be "simple, concise, and direct." *See McHenry v. Renne*, 84 F.3d 1172, 1177, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). The failure to comply with Rule 8 is a basis for dismissal that is not dependent on whether the complaint is without merit. *Id.* Accordingly, even claims which are not on their face subject to dismissal under Rule 12(b)(6) may still be dismissed for violating Rule 8(a). *Id.* In addition, the complaint must include facts which are "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007).

Alexander's complaint does not comply with Rule 8 because it does not set forth a short and plain statement of his claims showing entitlement to relief. As a preliminary matter, in addition to his nine causes of action, Alexander refers to various other federal and state statutes and provisions of the United States Constitution throughout his complaint without tying them to any cause of action. Further, apart from his third claim, he brings all nine causes of action against all named defendants without connecting how any of the alleged facts apply to each named defendant in each cause of action. In order to comply with Rule 8's pleading requirement, Alexander must amend the complaint to state as clearly as possible the facts giving rise to each cause of action and explain why each named defendant is being sued in connection with the alleged wrongdoing. Even if he provides a separate factual allegations section before his causes of action, Alexander must still state the relevant facts under each cause of action.

2. **Immunity**

The Court previously advised Alexander that he cannot sue entities and individuals that are immune from suit. Order at 4-5. In his amended complaint, he alleges: "Some defendants and non-defendants have knowingly and intentionally continued to act in a manner wholly inconsistent with their oath to support and defend the Constitution. They were conscientiously bound to

9

abstain from all acts inconsistent with the Constitution. They have caused harm and injuries to the plaintiff." First Am. Compl. ¶ 68. He maintains that "[s]uch acts are not judicial in nature and are not acts regularly performed in the course and scope of such official duties. They are there not automatically entitled to Absolute Immunity." *Id.* ¶ 69. However, the same immunity issues that existed in his original complaint still exist here.

The Eleventh Amendment prohibits suits for damages, declaratory relief, or injunctive relief against a state or its agencies for legal or equitable relief unless the state has waived its immunity or Congress has specifically overridden sovereign immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("[I]n the absence of consent[,] a suit in which the State or one of its agencies or departments is named as the defendant, is proscribed by the Eleventh Amendment . . . . This jurisdictional bar applies regardless of the nature of the relief sought.").

The Ninth Circuit and district courts within this Circuit have already determined that the DMV and the Superior Court are state agencies for purposes of the Eleventh Amendment. *Banks v. Dep't of Motor Vehicles for Cal.*, 419 F. Supp. 2d 1186, 1194 (C.D. Cal. 2006) ("[T]he Eleventh Amendment bars plaintiff's . . . cause of action against defendant DMV, a state agency.") (citations omitted); *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987) ("We conclude that a suit against the Superior Court is a suit against the State, barred by the eleventh amendment.") (citations omitted); *Blount v. Sacramento Cty. Superior Court*, 559 Fed. App'x. 623, 623 (9th Cir. 2014) ("Dismissal of Blount's claims against the Sacramento County Superior Court was proper because the court is entitled to immunity under the Eleventh Amendment"); *Dittman v. California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999) ("The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under [section] 1983 in federal court, and the Supreme Court has held that [section] 1983 was not intended to abrogate a State's Eleventh Amendment immunity.") (citations and quotation marks omitted).

The Eleventh Amendment's prohibition of actions against state agencies also applies to state officials when they are sued for damages in their official capacities. *Stivers v. Pierce*, 71

10

F.3d 732, 749 (9th Cir. 1995). The Eleventh Amendment's bar remains in effect for state officials because "a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents." *Brandon v. Holt*, 469 U.S. 464, 471 (1985); *Rodriguez v. Los Angeles DMV Supervising Staff*, 2019 WL 2544569, at *4 (C.D. Cal. May 10, 2019), *report and recommendation adopted*, 2019 WL 2524432 (C.D. Cal. June 18, 2019) (dismissing claims against DMV supervisory staff as barred by the Eleventh Amendment); *Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1394 (9th Cir. 1987) (court employees performing tasks that are "an integral part of the judicial" process enjoy quasi-judicial immunity).

Thus, if Alexander chooses to amend his complaint, he must not include any claims against entities or individuals that are immune from suit for such claims.

### 3. **Intentional Infliction of Emotional Distress**

In his amended complaint, Alexander includes a claim for intentional infliction of emotional distress ("IIED"), arguing "defendants DMV, K. Cox, State Court, [and] Ron Mortenson . . . was outrageous in refusing to provide an administrative hearing." First Am. Compl. ¶¶ 155-60. A claim for IIED requires a showing of the following: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Christensen v. Superior Court*, 54 Cal. 3d 868, 903 (1991) (citation and quotation marks omitted). If a person wishes to bring an action under California law against a public entity, the provisions of California's Tort Claims Act must be followed. Cal. Gov't Code §§ 810 et seq. That statute requires that claims for money or damages be presented to public entities and that no suit may be brought "on a cause of action for which a claim is required" until the claim has been presented and acted upon or deemed rejected. *Id.* § 905, 945.4; *J.M. v. Huntington Beach Union High Sch. Dist.*, 2 Cal. 5th 648, 652 (2017) ("As a general rule, a plaintiff must present a public entity with a timely written claim for damages before filing suit against it.") (citation omitted).

Here, Alexander alleges he has complied with the California Tort Claims Act. First. Am.

11

Compl. ¶ 5. However, he bases his IIED claim on Defendants' failure to provide an administrative hearing. California Government Code section 820.2 immunizes public employees from liability for an injury from an employee's act or omission resulting from the exercise of discretion vested in the employee, "whether or not such discretion be abused." Further, the California Tort Claims Act provides that "[e]xcept as otherwise provided by statute, a public entity is not held liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability." Cal. Gov't Code § 815.2(a). Thus, if Alexander chooses to pursue an IIED claim, he must clarify the extent of his allegations and not include any claims against entities or individuals that are immune from such claims.

### 4. **Criminal Allegations**

Finally, although Alexander dedicates a section of his amended complaint to "Criminal Acts," First Am. Compl. ¶¶ 62-67, private individuals lack standing to assert claims for relief based on criminal statutes. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American Jurisprudence . . . a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (federal criminal statutes generally do not provide a private cause of action or a basis for civil liability). Thus, "[i]ndividuals cannot file criminal charges in the United States District Court. Rather, criminal proceedings in federal court are initiated by the government, usually through the United States Attorney's Office." *Candy-Anh-Thu:Tran v. Daniel*, 2017 WL 6513414, at *2 (N.D. Cal. Dec. 20, 2017) (citing *Harbor v. Kim*, 2017 WL 443164, at *4 (C.D. Cal. Jan. 31, 2017) ("The decision to institute criminal proceedings lies within the discretion of the proper state or federal prosecuting authority"); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) (observing that the executive branch has "exclusive authority and absolute discretion to decide whether to prosecute a case"). Because Alexander lacks standing to bring criminal charges, the Court would recommend that any such claim be dismissed without leave to amend. *See Candy-Anh-Thu:Tran*, 2017 WL 6513414, at *2 (dismissing complaint alleging criminal charges without leave to amend pursuant to Federal Rule of Civil Procedure 12(b)(1). If Alexander believes that the defendants engaged in criminal conduct to violate his civil rights, he must contact

federal law enforcement or the United States Attorney's Office and present the facts supporting that belief to them.

## V. CONCLUSION

Based on the discussion above, the Court finds dismissal appropriate because the amended complaint fails to state a claim upon which relief can be granted. However, given Alexander's pro se status and because it is not clear that the deficiencies of the complaint could not be cured by amendment, the Court shall grant him another opportunity to amend. Alexander must file a second amended complaint addressing the deficiencies in this order by October 4, 2019. If he does not file a timely second amended complaint, the Court will recommend this action be dismissed.

The Court reminds Alexander that he may wish to seek assistance from the Legal Help Center, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco, by calling 415-782-8982, or by signing up for an appointment on the 15th Floor of the Federal Courthouse in San Francisco, 450 Golden Gate Avenue, San Francisco, California. There is also a Legal Help Center in Oakland, located on the 4th Floor, Room 470S, of the United States Courthouse, 1301 Clay Street, Oakland. At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation. More information is available at http://cand.uscourts.gov/helpcentersf. He may also wish to obtain a copy of the district court's *Handbook for Litigants Without a Lawyer*. It provides instructions on how to proceed at every stage of your case, including discovery, motions, and trial. The handbook is available in person at the Clerk's Office and online at: http://cand.uscourts.gov/prosehandbook.

**IT IS SO ORDERED.**

Dated: September 4, 2019

THOMAS S. HIXSON
United States Magistrate Judge